UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MR. AND MRS. RON SMIERCIAK, et al., | ) ) ) | Case No. 5:04 CV 0090 |
| Plaintiffs, | ) ) | |
| vs. | ) ) | ORDER REMANDING CASE (Resolving Docket Nos. 43, 52) |
| ALLIED INTERNATIONAL, INC., et al., | ) ) ) | |
| Defendants. | ) ) | Magistrate Judge James S. Gallas |

This case was initially brought in the Common Pleas Court of Summit County, Ohio with allegations raising federal question jurisdiction under the Carriage of Goods By Sea Act and the Carmack Amendment (see 46 U.S.C. §1300 and 49 U.S.C. §11706).  Defendants filed notice of removal and the case was transferred from the docket of the state court (Docket No. 1). Subsequently, defendants moved for summary judgment on the complaint (Docket No. 43), followed by plaintiffs' notice of voluntary dismissal of their complaint (Docket No. 52).  The plaintiffs' notice under Rule 41 of the Federal Rules of Civil Procedure should have been presented as a motion, but nonetheless, the court treats it as a motion and it is granted.  As a result of the dismissal of the complaint, defendants' motion for summary judgment is denied as moot.

However, the voluntary dismissal specifically excluded defendants' counterclaim based on breach of contract and *quantum meruit*.  The court has reviewed the counterclaim (Docket No. 8)

2

and notes that it is premised solely upon assertion of supplemental jurisdiction under 28 U.S.C. §1367(a). When all federal claims have been dismissed before trial, it is preferable to remand the state law claims to the state court from which the case was removed. *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996); *Carnegie-Mellon Univ. v. Cohill*, 44 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); and see 28 U.S.C. §1367(c)(district courts may decline to exercise supplemental jurisdiction if all claims over which they had original jurisdiction have been dismissed).

Accordingly, the court acknowledges its own jurisdictional limits *sua sponte* and finds no basis to continue the exercise of supplemental jurisdiction over the state law claims raised by defendants in their counterclaim. Therefore, the Clerk of Court is directed to transmit this case to the Court of Common Pleas for Summit County, Ohio for further proceedings on defendants' counterclaim.

IT IS SO ORDERED.

                     s/James S. Gallas
                     United States Magistrate Judge

Dated: May 27, 2005